

JPH

FILED IN OPEN COURT

MAY 22 2024

CHRISTOPHER EKMAN
CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIM. NO.** 24-79-KD |
| | * | **MAG. NO. 24-138** |
| **v.** | * | **USAO NO. 20R00215** |
| | * | |
| **OROLUA ELUONYECHIE** | * | **VIOLATIONS:**   18 U.S.C. § 1349 |
| *a.k.a.,* **"Mike"** | * | 18 U.S.C. § 1956(h) |
| | * | 18 U.S.C. § 1028(A) |

**INDICTMENT**

**THE GRAND JURY CHARGES:**

**COUNT ONE**
**Wire Fraud Conspiracy**
**Title 18, United States Code, Section 1349**

1.    From in or about February 2019, through in or about September 2021, in the Southern District of Alabama, and elsewhere,

**OROLUA ELUONYCHIE**

did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree with individuals whose identities are not known to the grand jury to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

**OBJECTIVE OF THE CONSPIRACY**

2.    The objective of this conspiracy was to unlawfully obtain money through various fraud schemes related to unemployment insurance, social security payments, economic injury disaster ("EIDL") loan, and paycheck protection plan ("PPP") loans.

**MANNER AND MEANS OF THE CONSPIRACY**

3.    To achieve the objective of this conspiracy **ELUONYCHIE** and other conspirators engaged in numerous actions, including, but not limited to the following:

1

a. Bank accounts were opened using fake names, social security numbers, and/or drivers licenses. Bank accounts were also opened using stolen personal identifiable information. For purposes of this Indictment, bank accounts opened using fake information as well as those opened using stolen information will be collectively referred to as "the Fraudulent Accounts."

b. After opening a Fraudulent Bank Account, it was part of this conspiracy to obtain a debit card from the bank linked to this specific account number.

c. Debit cards associated with the Fraudulent Bank Accounts were used at a U.S. Postal Service's "movers guide online" to redirect mail intended to go to individuals across the United States, including victims located in the Southern District of Alabama. Instead of mail going to these individuals, once the mail was redirected, to locations in both the Southern District of Alabama and Northern District of Georgia, the addresses of which are known to the grand jury.

d. The Fraudulent Accounts were used to received electronic deposits that are traceable to proceeds of various, related fraud schemes. This includes proceeds from social security and unemployment insurance fraud schemes, fraudulent tax schemes, fraudulent stimulus payments, and fraudulently obtained EIDL and PPP loans.

4. Proceeds from the EIDL and PPP loan fraud schemes electronically deposited into the Fraudulent Bank Accounts were connected to major disaster and emergency relief monies under Section 401 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. § 5191), as set out in Title 18, United States Code, Section 1040.

5. All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
### Money Laundering Conspiracy
### Title 18, United States Code, Section 1956(h)

6. From in or about February 2019, through in or about September 2021, in the Southern District of Alabama, and elsewhere,

**OROLUA ELUONYCHIE,**

2

did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree with individuals whose identities are not known to the grand jury to commit money laundering in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957(a).

### OBJECTIVE OF THE CONSPIRACY

7. The objectives of this conspiracy were:

    a. To knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of proceeds of a specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

    b. To knowing engage and attempt to engage in monetary transactions in criminally derived property from a specified unlawful activity, to wit: wire fraud, in violation of Title 18, United States Code, Section 1957(a).

### MANNER AND MEANS OF THE CONSPIRACY

8. To obtain the objective of this conspiracy, **ELUONYCHIE** and others opened the Fraudulent Accounts as set out in paragraph 3 of this Indictment.

9. In addition to using the Fraudulent Accounts to receive the proceeds of the wire fraud scheme, **ELUONYCHIE** also initiated financial transactions intended to conceal and disguise the nature, source, ownership, and control of these proceeds. Such financial transactions include, but are not limited to, the following:

    a. Wire transfers between multiple Fraudulent Accounts;

    b. Withdrawing cash from Fraudulent Accounts and using this money to purchase money orders to pay personal expenses;

    c. Using proceeds from the fraud schemes identified in Count One to purchase real estate, which was then sold, and the profits of which were used to purchase additional real estate.

10. All in violation of Title 18, United States Code, Section 1956(h).

did knowingly, willfully, and unlawfully combine, conspire, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, and Section 1957, to wit:

11.     To obtain the objective of the conspiracy, **ELUONYCHIE** and others opened fraudulent Accounts as set out in paragraphs 3 of this indictment.

12.     On May 13, 2020, Wells Fargo Bank account x-6040 received $10,710 in UI benefits from the State of Washington belonging to an individual ("R.H."), whose identity is known to the Grand Jury.

13.     On May 13, 2020, Wells Fargo Bank account x-1201, received $10,710 in UI benefits from the State of Washington belonging to an individual ("V.S."), whose identity is known to the Grand Jury.

14.     On May 13, 2020, Wells Fargo Bank account x-1201, received 10,710 in UI benefits from the State of Washington belonging to an individual ("P.F."), whose identity is known to the Grand Jury.

15.     On May 13, 2020, almost the entire amount deposited into x-1201, $21,400, was wire transferred to x-6040.

16.     On June 5, 2020, $9,000 was then wire-transferred from x-6040 to a PayPal account i/n/o and owned/operated by the defendant, **ELUONYECHIE**.

17.     On June 9, 2020, $20,000 was then wire-transferred from x-6040 to a Bank of America credit card account i/n/o and owned/operated the defendant, **ELUONYECHIE**.

18.     All in violation of Title 18, United States Code, Section 1343, as provided below:

4

| TRANSACTION DATE | Payee or Payor Name (known to Grand Jury) | TRANSACTION AMOUNT (Approximate) | TRANSACTION TYPE |
|---|---|---|---|
| May 13, 2020 | R.H. | $10,710.00 | UI Diverted Deposit |
| May 13, 2020 | V.S. | $10,710.00 | UI Diverted Deposit |
| May 13, 2020 | P.F. | $10,710.00 | UI Diverted Deposit |
| May 13, 2020 | PATRICK JONES | $21,400.00 | Wire Transfer |
| June 9, 2020 | ELUONYECHIE | $20,000 | Wire Transfer |

## COUNT THREE
### Aggravated Identity Theft
### Title 18, United States Code, Section 1028A(a)(1)

19.    From in or about February 2019, and continuing through on or about September 2021, within the Southern District Alabama, and elsewhere,

**OROLUA ELUONYECHIE,**

the defendant herein, during and in relation to the offenses of enumerated in Sections 1028A(c)(5) and 1028A(c)(11) of Title 18 of the United States Code, as charged in counts one and two of this Indictment, knowingly transferred, possessed, and used, without lawful authority, two or more means of identification of another person, identified in this Indictment as "P.K." in count one and two, whose identity is known to the Grand Jury, to wit, two or more of the names, addresses, and/or social security numbers of "P.K.", in furtherance of the schemes outlined for the defendant's personal use and benefit.

20.    In violation of Title 18 United States Code, Sections 1028A(a)(1) and (c)(5).

5

## COUNT FOUR
### Aggravated Identity Theft
### Title 18, United States Code, Section 1028A(a)(1)

21.   From in or about February 2019, and continuing through on or about September 2021, within the Southern District Alabama, and elsewhere,

**OROLUA ELUONYECHIE,**

the defendant herein, during and in relation to the offenses of enumerated in Sections 1028A(c)(5) and 1028A(c)(11) of Title 18 of the United States Code, as charged in counts one and two of this Indictment, knowingly transferred, possessed, and used, without lawful authority, two or more means of identification of another person, identified as "B.S." in counts one and two, whose identity is known to the Grand Jury, to wit, two or more of the names, addresses, and/or social security numbers of "B.S.", in furtherance of the schemes outlined for the defendant's personal use and benefit.

22.   In violation of Title 18 United States Code, Sections 1028A(a)(1) and (c)(5).

## FORFEITURE NOTICE
### Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)
### Title 28, United States Code, Section 2461(c)

23.   The factual allegations of the Indictment are realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2), and Title 28, United States Code, Section 2461(c).

24. Upon conviction of the offenses set forth in Counts One and Two of the Indictment, the defendant,

**OROLUA ELUONYECHIE**

6

shall forfeit to the United States, any property, real or personal, that constitutes or is derived from proceeds obtained, directly or indirectly, traceable to the offenses or as a result of such violations including but not limited to the following:

    a.   MONEY JUDGMENT: A sum of money in United States currency of $912,474.25, more or less, that the defendant obtained as a result of offenses charged in Counts One and Two of the Indictment.

    b.   U.S. States Currency in the amount of up to $19,316.00 from Paypal Account Ending in x1764 held in the name of Orolua Eluonyechie at Paypal, San Jose, California.

    c.   U.S. Currency in the amount of up to $6,337.85 from Paypal Account Ending in x9834 held in the name of David Jacobs at Paypal, San Jose, California.

If any of the forfeitable property, as a result of any act or omission of the defendants:

    A.   cannot be located upon the exercise of due diligence;

    B.   has been transferred or sold to, or deposited with, a third party;

    C.   has been placed beyond the jurisdiction of the court;

    D.   has been substantially diminished in value; or

    E.   has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2), and Title 28, United States Code, Section 2461(c).

7

TRUE BILL


FOREPERSON UNITED STATES GRAND JURY
SOUTHERN DISTRICT OF ALABAMA


SEAN P. COSTELLO
UNITED STATES ATTORNEY

By:

John P. Hutchins, III
Assistant United States Attorney


Sean P. Costello
United States Attorney
Chief, Criminal Division                MAY 2024

8